IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNA SCHUTTE EVERETT,

    Plaintiff,

vs.                                                      Case No. 1:22-cv-936 MIS/KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO BIFURCATE AND STAY

THIS MATTER is before the Court on Defendant's Motion to Bifurcate and Stay filed May 5, 2023. (Doc. 25). Plaintiff filed a response on May 22, 2023, and Defendant filed a Notice of Completion of Briefing on June 9, 2023. (Docs. 30, 33). Having reviewed the parties' briefing, record of the case, and relevant law, and having conferred with the presiding judge in this case, the Court denies the Motion to Bifurcate and Stay.

Defendant asks the Court to bifurcate and stay Plaintiff's extra-contractual claims until after a decision is made on Plaintiff's underinsured motorist ("UIM") claim. (Doc. 25) at 1. Defendant argues that adjudication of Plaintiff's UIM claim is a "necessary factual antecedent" to consideration of her extra-contractual claims. *Id.* at 2-4. Defendant further asserts it will be prejudiced if the two types of claims are not bifurcated because Defendant would not have to expend resources on discovery regarding the extra-contractual claims if they are rendered moot by the resolution of Plaintiff's UIM claim, and because a trial on both the UIM and extra-contractual claims could confuse the jury and influence a decision on damages. *Id.* at 4-7.

Therefore, Defendant seeks to bifurcate the claims and stay discovery regarding the extra-contractual claims until the UIM claim is resolved.

Plaintiff, however, opposes bifurcation and argues there is no valid reason to delay discovery on her extra-contractual claims. (Doc. 30) at 1. Plaintiff states that discovery necessary to the UIM claim "overlaps all claims and should not bifurcated." *Id.* at 2. Plaintiff disputes that her bad faith claim is dependent on whether she is owed additional insurance benefits, and contends that a stay would unnecessarily delay this case and require a second round of discovery and trial practice. *Id.* at 2-5. Plaintiff states: "Without discovery into the bad faith and extra-contractual claims Plaintiffs could never meaningfully participate in a mediation of all claims, and counsel for Plaintiffs could never adequately advise their clients regarding the case strengths, weaknesses and damages value." *Id.* at 5. In addition, Plaintiff proposes "the Court should simply reserve ruling until closer to the time of trial whether the trial should be bifurcated or sequenced in some way." *Id.* at 7.

Federal Rule of Civil Procedure 42, which governs bifurcation in federal civil actions, permits the Court to order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court's discretion in deciding whether to sever issues for trial is "broad" and "considerable." *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999)); *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). Some of the factors guiding the Court's exercise of discretion include: judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury. *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957-58 (10th Cir.

1996).  The Court also has broad discretion to stay proceedings incident to its power to manage its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).  The Court may stay discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The party seeking a stay bears the burden of establishing the need for it.  *Clinton*, 520 U.S. at 708.

     Here, the Court finds that Defendant has not adequately shown a need to bifurcate and stay this case as to Plaintiff's extra-contractual claims.  Contrary to Defendant's assertion, it is not clear that the extra-contractual claims are wholly dependent on the outcome of Plaintiff's UIM claim.  While bifurcation of discovery may be appropriate where the existence of coverage or the liability of the primary tortfeasor is at issue, neither circumstance is applicable here.  *See* (Doc. 25) ("State Farm has admitted that Plaintiff is owed benefits under the subject policy. … The only dispute is the value of Plaintiff's UIM claim.").  Therefore, a determination of Plaintiff's damages for her UIM claim does not appear to be necessary before Plaintiff could demonstrate bad faith based on Defendant's handling of the claim.  In addition, the Court agrees with Plaintiff that it is more efficient for the parties to conduct discovery on all claims at one time, and the presiding judge can address sequencing the issues for trial at the appropriate time.  Accordingly, the Court concludes that bifurcating and staying Plaintiffs' extra-contractual claims would be inefficient and more costly to the parties, would significantly delay the litigation, and is not necessary to prevent unfair prejudice to Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion to Bifurcate and Stay, (Doc. 25), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE