IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNA SCHUTTE EVERETT,

          Plaintiff,

vs.                                                                      No. 1:22-cv-936 MIS/KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties, by and through their undersigned counsel, hereby submit this Stipulated Confidentiality and Protective Order and state as follows:

      A.      State Farm possesses certain information and documents that it contends contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available, including Auto Claim Manuals, Standard Claim Processes, Jurisdictional References.

      B.      "Confidential" designation shall include:

            a.    Proprietary, confidential, competitively sensitive, internal-use only, or trade secret information of State Farm and its related entities, including but not limited to financial information, training materials, and contracts or agreements with third parties; and

            b.    Any non-public material of a sensitive or proprietary nature of State Farm.

      C.      Some of such documents contain confidential, proprietary, or trade secret information that may be subject to discovery in this action but should not be made publicly available. *See* Fed. R. Civ. P. 26(c)(1)(G).

      D.      The parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the plaintiff to receive, and State Farm to protect, State Farm's private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1. All production and disclosure of information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3. With respect to deposition testimony, State Farm may, either on the record at the deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER.  All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE

SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

      4.      The inadvertent or unintentional disclosure of information considered by State Farm to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of that claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto as long as State Farm identifies the inadvertent or unintentional disclosure within 30 days of the disclosure. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after State Farm identifies the erroneous disclosure (subject to the time limit herein) and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Rule 11-502 NMRA regardless of the circumstances of disclosure, and if any party becomes aware of a production or disclosure of such protected information, that party shall provide written notice of such production or disclosure to the disclosing party within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7. Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h)-(k), and 10 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

8. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h) the New Mexico Department of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically;

(l) any Special Master or Mediator herein; and

(m) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER

pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Department of Insurance and other applicable state and federal laws; the records retention requirements of the Department of Insurance, the New Mexico Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including reporting to the New Mexico Department of Insurance.

11. The receiving may at any time request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, State Farm's designation shall control.

12. In the event any person subject to this Order, including but not limited to Plaintiff, his counsel, consultant or expert, receives a subpoena issued in another lawsuit for materials designated by State Farm pursuant to this Order, that person shall give prompt notice to counsel for State Farm within five (5) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE

SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to State Farm, which may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty (30) days of the final determination of this action, each person or party who has received information designated by State Farm CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has

reached final determination and remind them of the return or destruction obligation.  **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require State Farm to return or destroy any documents that it is otherwise required by law to maintain.**  Nothing in this Agreed Protective Order shall be construed to limit State Farm in its use of designated materials or from disclosing the same.  Nothing in this Order shall be construed as affecting State Farm's regular business practices for destruction of documents or State Farm's retention obligations under applicable insurance regulations, any evidentiary hold orders in connection with other litigation, and statutory requirements such as applicable statutes of limitations.  Nothing in this Order shall be construed against State Farm in a way that prohibits, restricts, or requires State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic confidential materials and records as authorized or as reasonably required by federal or state law or regulation, or court order, rule, including, but not limited to, Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claim systems for permissible insurance functions.  Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. Any party wishing to use any of State Farm's CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum,

motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

19. Any party may challenge the designation of one or more documents as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. The party challenging such designation shall notify counsel in writing. State Farm shall then have 30 days to file an appropriate motion with the Court that supports the designated status of the document. The document shall remain Confidential until the Court rules otherwise. The party contending such a document is Confidential shall have the burden of proving the same.

20. Documents shall not lose their Confidential status if they are commercially duplicated or photocopied.

21. Any additional expenses associated with the production or designation of documents as Confidential shall be paid solely by State Farm.

22. This Order shall not apply to a trial in open Court. State Farm shall address the issue of the Confidentiality of any trial proceeding sufficiently in advance of trial for the Court to address the issue.

_____
THE HONORABLE KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND CONTENT:**

| VALLE, O'CLEIREACHAIN ZAMORA & HARRIS P.C. | MILLER STRATVERT P.A. |
|---|---|
| */s/ Richard J. Valle – Approved 8/28/23* | */s/ Todd A. Schwarz* |
| Richard J. Valle | Todd A. Schwarz |
| 1805 Rio Grande Blvd NW, Suite 2 | 500 Marquette Ave. NW, Ste. 1100 |
| Albuquerque, NM 87104 | Albuquerque, NM 87102 |
| (505) 888-4357 | (505) 842-1950 |
| rv@vozhlaw.com | tschwarz@mstlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges receipt of that certain Protective Order entered in Case No. 1:22-CV-936 MIS/KRS, *Danna Schutte Everett v. State Farm Mutual Automobile Insurance Company.* I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.

Date:   _____

By:   _____