## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANNA SCHUTTE EVERETT,

    Plaintiff,

v.                                              No. 1:22-cv-00935-MIS-KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## AMENDED NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel of record, Miller Stratvert P.A., hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico as follows:

    1.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, State Farm hereby gives notice of removal of all counts and claims asserted by Plaintiff in the civil action filed in the Second Judicial District, County of Bernalillo, State of New Mexico, styled: *Danna Schutte Everett v. State Farm Mutual Automobile Insurance Company*; Second Judicial District Cause No. D-202-CV-2022-06653 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on State Farm to date are attached hereto as *Exhibit 1* (copy of the below-defined Complaint).

    2.    Plaintiff's original filing, "Complaint for Damages" (hereinafter the "Complaint"), was filed in the Second Judicial District Court on November 4, 2022. [*See* Exhibit 1] Service was accepted by the Superintendent of Insurance on November 8, 2022. Pursuant to NMSA 1978, Section 59A-5-32(C), if summons is served through the Superintendent of Insurance, the insurer has an additional 10 days to respond to Plaintiff's Complaint. Notice of removal is properly filed within the 40-day requirement pursuant to NMSA 1978, § 59A-5-32(C) and 28 U.S.C. § 1446(b). Notwithstanding, State Farm files this

Notice within 30 days of service.

3. State Farm states that this is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and State Farm, and the amount in controversy exceeds $75,000.00.

4. The Complaint asserts that Plaintiff is a citizen of the State of New Mexico, and she resides in Bernalillo County. [Complaint ¶ 1]

5. Defendant State Farm is a citizen of the State of Illinois, as it is incorporated in Illinois and has its principal place of business in the State of Illinois.

6. State Farm has consented to the removal of this matter to the United States District Court for the District of New Mexico.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The following is established on the face of the Complaint. This case involves an actual controversy between Plaintiff and State Farm regarding alleged damages to Plaintiff following a motor vehicle accident in Las Cruces, New Mexico that occurred on November 9, 2016. [Complaint ¶ 5] Plaintiff alleges that she sustained physical injuries and damages. [Complaint ¶¶ 14-17]

9. Plaintiff claims that State Farm improperly evaluated her claim for underinsured benefits and, after recovering under the tortfeasor's liability insurance policy, she was not fully compensated for her injuries. [Complaint ¶¶ 40-41; 54]

10. Plaintiff seeks compensation for contractual benefits. [Complaint ¶¶ 45-54; Count IV, ¶¶ 70-73]

11. Plaintiff seeks compensation for Underinsured Motorist Benefits. [Complaint ¶¶ 55-59]

12. Plaintiff also asserts punitive damages. [Complaint ¶¶ 60-69]

13. Plaintiff also alleges Breach of the Implied Covenant of Good Faith and Fair Dealing. [Complaint, Count IV, ¶¶ 70-73]

14. Without admitting any of the foregoing allegations, State Farm respectfully submits that the aggregate "value" of what Plaintiff seeks to recover in this case exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (the court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

15. The United States Supreme Court has clarified that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. Notice of the filing is being provided to Plaintiff as required by 28 U.S.C. § 1446(d).

17. A copy of this Notice will be filed with the Clerk for the District Court for Bernalillo County in the State Court Action as required under 28 U.S.C. § 1446(d).

18. State Farm requests a jury of all issues that may be tried to a jury.

        Respectfully submitted,

        MILLER STRATVERT P.A.

        By: */s/ Todd A. Schwarz*
           Todd A. Schwarz
           Post Office Box 25687
           Albuquerque, NM 87125
           Telephone: (505) 842-1950
           Facsimile: (505) 243-4408
           tschwarz@mstlaw.com
           *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October, 2023, a copy of the foregoing was electronically filed through the CM/ECF system, and that a copy of the foregoing was sent via email to the following:

Richard J. Valle
VALLE, O'CLEIREACHAIN,
ZAMORA & HARRIS P.C.
1805 Rio Grande Blvd NW, Suite 2
Albuquerque, NM 87104
(505) 888-4357
(505) 883-5613 (Fax)
rv@vozhlaw.com
*Attorneys for Plaintiff*


*/s/ Todd A. Schwarz*
Todd A. Schwarz